IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Lawsuits initiated by Faith Chibugo Njoku. _____/ | Case Nos.  1:21-cv-765-MLB<br>1:21-cv-783-MLB<br>1:21-cv-784-MLB<br>1:21-cv-796-MLB |

## ORDER

Pro se Plaintiff Faith Chibugo Njoku has filed four separate federal lawsuits against various Defendants. Because Plaintiff proceeds in forma pauperis ("IFP") in all four matters, the law requires the Court to conduct a frivolity determination under 28 U.S.C. § 1915(e)(2)(B) for each complaint. The Court finds that each complaint should be dismissed.

### I.    Standard of Review

A federal court must dismiss an action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The power to dismiss in IFP cases "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally

do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A court may dismiss a complaint for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A frivolity review also grants a court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 490 U.S. at 327).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also . . . claims whose factual contentions are clearly baseless." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. A finding of legal frivolousness is when the plaintiff asserts "a claim based on an

2

indisputably meritless legal theory . . . [such as when] it is clear that the defendants are immune from suit." *Neitzke*, 490 U.S. at 327.

The Court recognizes Plaintiff is appearing pro se and thus affords her complaints greater leniency. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) ("In the case of a pro se action, . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam))). But this leniency neither excuses a party from complying with threshold requirements of the Federal Rules of Civil Procedure nor "permit[s] the district court to act as counsel for a party or to rewrite deficient pleadings." *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).

## II. *Njoku v. Pinckney*, 1:21-cv-765-MLB

### A. Background

Plaintiff sued Defendants Milo Pinckney; International Education Mgmt Resources, LLC; International Medical Graduate Clerkships; Educational Logistics; IAT, LLC; and Presidents Way Limited Holdings, LLC. (Dkt. 5.) In her complaint, Plaintiff alleges the American University of Integrative Sciences fraudulently recruited her as a

3

medical student transfer. (*Id.*) She claims the American University of Integrative Sciences is not accredited and is thus not allowed to recruit medical students. (*Id.*) Plaintiff is suing for the return of the tuition she paid to attend the university. (*Id.*) She alleges she paid $21,754.00 and seeks $25,000 in this action.[1] (*Id.*)

### B. Discussion

Plaintiff sued six Defendants, yet she does not set forth any allegations against them. (*Id.*) The only entity mentioned in her one-page complaint is the American University of Integrative Sciences, which she does not sue. (*Id.*) "In a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citing *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997)). Since the complaint contains no allegations pertaining to Defendants,

---

[1] She includes a vague reference to personal injuries. (*Id.* ("The total amount I am requesting including personal injuries while enrolled at their medical school is [$]25,000.00.").)

4

Plaintiff's complaint is frivolous and fails to state a plausible claim against Defendants. Accordingly, the Court dismisses her complaint (Dkt. 5).

## III.   *Njoku v. WellSpring Living*, 1:21-cv-783-MLB

### A.   Background

Plaintiff sued Defendant WellSpring Living, who was her employer for ten months. (Dkt. 4.) She alleges (1) she was not paid for overtime, (2) unsafe working conditions, (3) workplace harassment, and (4) "endangered child abuse/neglect by employees." (*Id.*) She claims she filed a formal complaint with the human resources manager on December 6, 2020. (*Id.*) Plaintiff also alleges that because she "was not formally addressed" she had to "surrender" her employment during a COVID-19 pandemic. (*Id.*) Her complaint lacks a prayer for relief, but, according to the civil cover sheet, she seeks $15,000.00. (Dkt. 4-1 at 2.)

### B.   Discussion

Plaintiff's four allegations are labels and legal conclusions, which are insufficient to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

action will not do.'" (quoting *Twombly*, 550 U.S. at 555)); *Hunter v. U.S. Dep't of Just.*, No. 7:18-cv-00026-HL-TQL, 2018 WL 1598666, at *1 (M.D. Ga. Apr. 2, 2018) ("[N]either legal conclusions nor a recitation of legally relevant terms, standing alone, is sufficient to survive preliminary review."). While the Court construes Plaintiff's pro se complaint liberally, it simply cannot concoct facts on her behalf to generate a cause of action out of thin air. After thoroughly reviewing her one-page complaint, the Court is left to wonder, for example: What were the unsafe working conditions? Who engaged in workplace harassment and was it aimed at Plaintiff? The submission contains no factual background that might state a claim for relief under the Federal Rules of Civil Procedure. *See Stone v. Fisher*, 2020 WL 901435, at *1 (N.D. Ga. Feb. 24, 2020) ("[T]he Court cannot rewrite a deficient pleading, and pro se plaintiffs are required to comply with the threshold requirements of the Federal Rules of Civil Procedure."). Accordingly, the Court dismisses Plaintiff's complaint (Dkt. 4).

## IV.   *Njoku v. Wallace*, 1:21-cv-784-MLB

### A.   Background

Plaintiff alleges Defendant Brittany Wallace, who is her roommate, contracted COVID-19 and did not socially distance, quarantine, or wear a mask.  (Dkt. 5.)  Plaintiff claims she was rushed to the hospital and was driven out of their joint apartment for fear of her health and safety.  (*Id.*)  Plaintiff seeks $5,000 to cover her medical bills and fees.  (*Id.*)  Plaintiff also alleges Defendant's dog attacked her in August 2020, so she seeks compensation for personal and emotional injuries.  (*Id.*)

### B.   Discussion

Plaintiff's complaint sets forth two distinct allegations: one based on Defendant contracting COVID-19 and the other based on Defendant's dog.  (*Id.*)  Plaintiff frames the first allegation as a civil rights violation based on housing and/or accommodations.  (*Id.*)  To the extent Plaintiff is asserting a claim under the Fair Housing Act ("FHA"), her claim fails. The FHA prohibits housing discrimination on the basis of race, color, religion, sex, familial status, national origin, and disability.  42 U.S.C. § 3604.  Plaintiff does not allege any discrimination in her complaint. (Dkt. 5.)  To the extent Plaintiff is asserting a claim under 42 U.S.C.

7

§ 1983, her claim fails because there is no allegation of state action. *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) ("[Section] 1983 only provides for claims to redress [s]tate action."). And to the extent Plaintiff is asserting a state law negligence claim, the Court likely does not have subject matter jurisdiction.[2] Federal question jurisdiction would not be applicable, and it is unclear at this time whether diversity of citizenship jurisdiction is met because the complaint contains no indication of the citizenship of Plaintiff or Defendant.[3] *See* 28 U.S.C. §§ 1331, 1332.

Regarding Defendant's dog, Plaintiff alleges: "In August 2020 Defendant['s] dog also attacked me. I am requesting compensation for personal and emotional injuries." (Dkt. 5.) This bare assertion is insufficient. Again, while the Court construes Plaintiff's pro se complaint liberally, it simply cannot concoct facts on her behalf to generate a cause

---

[2] The Court has an obligation to ensure subject matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

[3] The Court notes that the civil cover sheet states Plaintiff resides in Fulton County, Georgia and Defendant resides in Fulton County, Georgia. (Dkt. 1-2 at 1.) But "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

of action out of thin air.  The submission contains no factual background that might state a claim for relief under the Federal Rules of Civil Procedure.  *See Stone*, 2020 WL 901435, at *1 ("[T]he Court cannot rewrite a deficient pleading, and pro se plaintiffs are required to comply with the threshold requirements of the Federal Rules of Civil Procedure.").  The Court dismisses Plaintiff's complaint.  (Dkt. 5.)

## V. *Njoku v. International Medical Graduate Clerkships*, 1:21-cv-796-MLB

### A. Background

Plaintiff sued Defendant International Medical Graduate Clerkships under 42 U.S.C. § 1983.  (Dkt. 4.)  She alleges Defendant "knowingly committed fraud by recruiting [her] to pay out of pocket for their education" despite them "not receiving their CAAMHP accreditation status[, thereby] violating CAAMHP policies and procedures."  (*Id.*)  Plaintiff seeks her "monies returned," which, according to the civil cover sheet, is $10,000.  (Dkts. 4; 4-1 at 2.)

### B. Discussion

After reviewing Plaintiff's one-page filing, the Court can discern no basis to allow the complaint to proceed.  The extent of the factual allegations is: "The defendant knowingly committed fraud by recruiting

9

me to pay out of pocket for their education" despite them "not receiving their CAAMHP accreditation status[, thereby] violating CAAMHP policies and procedures." (Dkt. 4.) This bare assertion is wholly insufficient. Again, while the Court construes Plaintiff's pro se complaint liberally, it simply cannot concoct facts on her behalf to generate a cause of action out of thin air. The submission contains no factual background that might state a claim for relief under the Federal Rules of Civil Procedure. *See Stone*, 2020 WL 901435, at *1 ("[T]he Court cannot rewrite a deficient pleading, and pro se plaintiffs are required to comply with the threshold requirements of the Federal Rules of Civil Procedure."). Moreover, Plaintiff is suing under § 1983, and there is no allegation of state action. *See Hogue*, 241 F.3d at 1347 ("[Section] 1983 only provides for claims to redress [s]tate action."). The Court dismisses Plaintiff's complaint (Dkt. 4).

## VI. Warning as to Pre-filing Screening Restrictions

The Court notes that in the span of three days Plaintiff filed these four handwritten complaints against a variety of defendants. Each one has required dismissal under 28 U.S.C. § 1915(e)(2)(B). The Court warns Plaintiff that it may impose "pre-filing screening restrictions" on her if

she continues to file meritless actions in this Court. *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) ("This Court has upheld pre-filing screening restrictions on litigious plaintiffs." (citing *Copeland v. Green*, 949 F.2d 390 (11th Cir. 1991); *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512 (11th Cir. 1991))); *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) ("[A vexatious litigant] can be severely restricted as to what he may file and how he must behave in his applications for judicial relief.").

These restrictions could be onerous. They might, for example, require Plaintiff to pay a filing fee or submit an "affidavit setting forth what attempts [s]he has made to obtain an attorney to represent h[er]." *Procup*, 792 F.2d at 1072–73. Other restrictions are also possible. *Id.* Ultimately, the Court must "protect itself against the abuses that [vexatious] litigants . . . visit upon it." *Id.* at 1073. That includes "prevent[ing] single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* at 1074. Plaintiff has been warned.

## VII. Conclusion

After reviewing Plaintiff's complaints, the Court can discern no basis to allow the complaints to proceed. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaints (Dkt. 5 in 1:21-cv-765; Dkt. 4 in 1:21-cv-783; Dkt. 5 in 1:21-cv-784; Dkt. 4 in 1:21-cv-796). All pending motions are **DENIED AS MOOT**.

The Court also **CAUTIONS** Plaintiff that it may impose pre-filing screening restrictions on her if she continues to file meritless documents in this Court.

**SO ORDERED** this 23rd day of April, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE